UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MAXIMO DORRA, OLGA DORRA DE DORRA,
RAUL RENNELA, SANDRA ELIZABETH SCHULER,
and ANGEL EMILIO MOLINOS,

                 Plaintiffs,

   v.

THE REPUBLIC OF ARGENTINA,

               Defendant.

------------------------------------------------------------------------X

14 Civ. 10141 (TPG)

**ANSWER TO COMPLAINT**

       Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint dated December 29, 2014 (the "Complaint"), respectfully states as follows:

       1.     Paragraph 1 of the Complaint purports to characterize the nature of this action, as to which no responsive pleading is required.

       2.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

       3.     Paragraph 3 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

       4.     Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

       5.     Paragraph 5 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.

6. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, except admits that it issued bonds having ISIN US040114AR16.

7. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, except admits that it issued bonds having ISIN US040114AR16 and ISIN US040114GF14.

8. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, except admits that it issued bonds having ISIN US040114BE93.

9. Paragraph 9 of the Complaint sets forth certain defined terms, as to which no responsive pleading is required.

10. To the extent that Paragraph 10 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

11. Paragraph 11 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 11 for its true and correct contents.  To the extent that Paragraph 11 of the Complaint constitutes conclusions of law, no responsive pleadings are required.

12. Paragraph 12 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 12 for its true and correct contents.

13. Paragraph 13 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 13 for its true and correct contents.

14. The Republic denies the allegations contained in Paragraph 14 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt. Paragraph 14 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 for its true and correct contents. To the extent that Paragraph 14 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

15. Paragraph 15 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required. The Republic otherwise denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 16 for its true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint. To the extent that Paragraph 16 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

17. Paragraph 17 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 17 for its true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint. To the extent that Paragraph 17 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

18. In response to Paragraph 18 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 17 of the Complaint.

19. Paragraph 19 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required. The Republic otherwise denies the allegations contained in Paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 17 of the Complaint.

21. Paragraph 21 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required. The Republic otherwise denies the allegations contained in Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 17 of the Complaint.

23. Paragraph 23 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required. The Republic otherwise denies the allegations contained in Paragraph 23 of the Complaint.

24. In response to Paragraph 24 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 17 of the Complaint.

25. Paragraph 25 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 25 for its true and correct contents.

26. Paragraph 26 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required. To the extent that Paragraph 26 purports to characterize the contents of statements, the Republic denies such characterizations inconsistent with the referenced statements and refers to the statements cited in Paragraph 26 for their true and correct contents. The Republic otherwise denies the allegations contained in Paragraph 26 of the Complaint.

27. The Republic admits that in 2005 it launched and consummated a voluntary exchange offer to holders of eligible debt and that approximately 76% of eligible debt participated in its 2005 Exchange Offer. The Republic otherwise denies the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 28 for its true and correct contents. To the extent that Paragraph 28 constitutes conclusions of law, no responsive pleadings are necessary.

29. The Republic admits that in 2010 it launched and consummated a voluntary exchange offer to holders of eligible debt and that, upon the consummation of the 2010 Exchange Offer, approximately 93% of eligible debt had participated in its exchange offers. The Republic otherwise denies the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 30 for its true and correct contents. To the extent that Paragraph 30 constitutes conclusions of law, no responsive pleadings are necessary.

31. The Republic admits that it has made interest payments due on bonds issued pursuant to the 2005 Bond Exchange and 2010 Bond Exchange and that the Court's injunction has prevented holders of 2005 Exchange Bonds and 2010 Exchange Bonds from receiving interest payments scheduled to be received after June 16, 2014. To the extent that Paragraph 31 constitutes conclusions of law, no responsive pleadings are necessary. The Republic otherwise denies the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required. The Republic otherwise denies the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. Paragraph 35 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies

such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 35 for their true and correct contents.  The Republic otherwise denies the allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 37 of the Complaint.

38. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint.  To the extent that Paragraph 38 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

39. Paragraph 39 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint purports to characterize the contents of legal proceedings and written documents, which legal proceedings and documents speak for

themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced legal proceedings and documents and refers to the legal proceedings and documents cited in Paragraph 42 for their true and correct contents.  To the extent that Paragraph 42 of the Complaint constitutes conclusions of law, no responsive pleadings are required.

43. Paragraph 43 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 43 of the Complaint for its true and correct contents.  To the extent that Paragraph 43 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint purports to characterize the contents of legal proceedings and written documents, which legal proceedings and documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced legal proceedings and documents and refers to the legal proceedings and documents cited in Paragraph 44 for their true and correct contents.  To the extent that Paragraph 44 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 44 of the Complaint.

45. The Republic lacks knowledge or information sufficient to form a belief as to plaintiffs' purported bond ownership.  To the extent that Paragraph 45 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 45 of the Complaint.

**First Affirmative Defense**

46. The Complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense[1]

47. Plaintiffs' claims are barred by the act of state doctrine.

## Third Affirmative Defense

48. To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, they are barred from enforcing any rights they may otherwise have.

## Fourth Affirmative Defense

49. Plaintiffs' claims are barred by the doctrine of unclean hands.

## Fifth Affirmative Defense

50. Plaintiffs' claims are barred by the doctrine of abuse of rights.

## Sixth Affirmative Defense

51. Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

## Seventh Affirmative Defense

52. Plaintiffs' claims, including interest claims, are barred in whole or in part by the applicable statute of limitations/prescription period.

## Eighth Affirmative Defense

53. Plaintiffs lack standing and/or capacity to sue, because they are not holders of bonds within the meaning of the governing bond documents.

## Ninth Affirmative Defense

54. Plaintiffs' claims are barred by the doctrine of laches.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein.  *See Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review.  In connection with the Sixth Affirmative Defense, facts may exist in the present case that were not before the Court in the cases covered by the *Lightwater* and *EM Ltd. v. Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (Sept. 16, 2003), Orders.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

    (a)    dismissing plaintiffs' claims with prejudice;

    (b)    awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

    (c)    granting the Republic such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        April 24, 2015

                CLEARY GOTTLIEB STEEN & HAMILTON LLP

                By:   /s/ Carmine D. Boccuzzi
                    Jonathan I. Blackman (jblackman@cgsh.com)
                    Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                One Liberty Plaza
                New York, New York 10006
                (212) 225-2000

                *Attorneys for the Republic of Argentina*